IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONLYNN S. MONTGOMERY, | No. 2:21-CV-1826-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| GOVERNMENT, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff lists the following as defendants in his caption: (1) Government; (2) Social Security Administration; (3) Cigna Life Insurance Company; (4) William R. Justice Center; (5) Sheriffs; (6) Clerks; and (7) Judges. See ECF No. 1, pg. 1. Plaintiff alleges that he is a "victim of California government gang stalking due to [his] military veteran father recently passing away . . . ." Id. Plaintiff is the beneficiary of the life insurance policy. Id. Plaintiff states, "I am a victim of identity theft. People have filed taxes, and stimulus checks in my name illegally." Id. Plaintiff also alleges that he is a class action lawsuit member of two cases involving the Social Security Administration. Id.

Plaintiff alleges that he "can't go no where without being followed by government officials." Id. Plaintiff states that he is "incarcerated currently and a victim of vindictive indictment, which means a person of the public that the police or sheriffs have a special interest in that has been arrested on same exact identical charges 2 separate times in a short period of time." Id. Plaintiff claims he is "an innocent man targeted by government officials." Id.

In addition, Plaintiff alleges the following:

> Further it is my belief and there is proof on record at William R. Justice Center that my fathers estate has 3 names illegally signed on to it claiming to be the children of my deceased father. The names are Casandra, and Raymond the third name I can't remember at this time, however I was provided with this information by William R. Justice Center staff. They tell me there is no assets remaining on file. If this is true, then they had to have help from judges, sheriffs, clerks, and staff at William R. Justice Center which makes this a major fraudulent case committed against me by William R. Justice Center.

Id. at 1-2.

/ / /

## II. DISCUSSION

Plaintiff's complaint suffers two critical defects.  First, it fails to name an individual acting under color of state law.  Second, it fails to link the actions of a named defendant to any alleged constitutional deprivations.

To state a claim under § 1983Plaintiff must "plead that (1) the defendants acting under color of state law  (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also Pistor v. Garcia, 791 F. 3d 1104, 1114 (9th Cir. 2015); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); Ortez v. Wash. Cty., Or., 88 F.3d 804, 810 (9th Cir. 1996).

Further, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff fails to both name an individual acting under color of state law and fails to establish a causal connection between the named Defendants and a violation of a constitutional or statutory right.  As to each named defendant, Plaintiff must allege which Defendant, acting under color of state law, took what action that caused which specific constitutional violation.  Plaintiff will be provided an opportunity to amend.

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the prior complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the prior complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: January 20, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE